# UNITED STATES DISTRICT COURT
## District of Maine

|  |  |  |
|---|---|---|
| JONATHAN AFANADOR, | ) | Docket No. 1:20-cv-00235-JDL |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| KENNEBEC COUNTY and NATHAN | ) |  |
| WILLHOITE, | ) |  |
| Defendants | ) |  |
|  | ) |  |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KENNEBEC COUNTY

NOW COMES Defendant Kennebec County, by and through undersigned counsel, and hereby responds to the allegations contained in Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

A.  Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

B.  Plaintiff has not suffered any compensable damages resulting from the claims alleged in Plaintiff's Complaint.

C.  Plaintiff's damages, if any, were directly and proximately caused by the acts and/or omissions of an individual and/or entity other than this Defendant.

D.  Plaintiff's damages, if any, were directly and proximately caused by a legally sufficient superseding/intervening cause.

E.  Plaintiff has failed to mitigate his damages as required by law.

F.  This Defendant is entitled to immunity, including all immunities available under the Maine Tort Claims Act.

G.   Plaintiff's claims are barred by provisions of the Prison Litigation Reform Act, including but not limited to 42 U.S.C. § 1997e(a) and/or 42 U.S.C. § 1997e(e).

H.   Tort claims contained in Plaintiff's Complaint are barred for failure to comply with conditions precedent to the maintenance of this lawsuit, including, without limitation, the notice requirements of 14 M.R.S. § 8107.

<u>ANSWER</u>

<u>Introduction</u>

1.   This Defendant denies the specific violations alleged against it.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

<u>Parties</u>

2.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

3.   This Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

4-6.   This Defendants admits the allegations contained in these paragraphs of Plaintiff's Complaint.

<u>Jurisdiction</u>

7.   The allegations contained in this paragraph of Plaintiff's Complaint do not require a response.

2

8.   The allegations contained in this paragraph of Plaintiff's Complaint do not require a response.   To the extent a response is required, this Defendant agrees that this Court has jurisdiction over these claims.

9.   The allegations contained in this paragraph of Plaintiff's Complaint do not require a response.   To the extent a response is required, this Defendant agrees that at this time, this Court has supplemental jurisdiction over these claims.

10.   The allegations contained in this paragraph of Plaintiff's Complaint do not require a response.   To the extent a response is required, this Defendant agrees that venue is proper in the United States District Court for the District of Maine.

Statement of Facts

11.   This Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

12.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

13.   This Defendant admits that on August 18, 2019, a shakedown search was being conducted on Afanador's block.   Afanador's cell was unlocked, and Afanador exited the cell. This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

14.   This Defendant admits that inmates, including Afanador, were sitting and/or standing near tables in the day area and Afanador was standing against a wall with a book.   This Defendant

3

is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

15.    This Defendant admits that the inmates were ordered to sit.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

16.    This Defendant admits that Corrections Officer Willhoite sprayed Afanador with OC spray.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

17.    This Defendant admits that Afanador was led away in handcuffs in placed in an observation cell.   This Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore denies same.

18.    This Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

19.    This Defendant admits that the incident was captured by KCCF video cameras.

20-28.   This Defendants denies the allegations contained in these paragraphs of Plaintiff's Complaint.

<u>First Cause of Action – Violation of 42 U.S.C. § 2093 – Use of Excessive Force</u>
<u>(Corrections Officer Willhoite)</u>

29.    This Defendant repeats and reasserts the responses provided to Paragraphs 1 through and including 28 of Plaintiff's Complaint as if fully set forth herein.

30-35.   This Defendant denies the allegations contained in these Paragraphs of Plaintiff's Complaint.

<u>Second Cause of Action – Violation of 5 M.R.S. § 4682(1-A) – Excessive Force
(Officer Willhoite)</u>

36.   This Defendant repeats and reasserts the responses provided to Paragraphs 1 through and including 35 of Plaintiff's Complaint as if fully set forth herein.

37-39.   This Defendant denies the allegations contained in these Paragraphs of Plaintiff's Complaint.

<u>Third Cause of Action – Assault/Use of Excessive Force
(Corrections Officer Willhoite)</u>

40.   This Defendant repeats and reasserts the responses provided to Paragraphs 1 through and including 39 of Plaintiff's Complaint as if fully set forth herein.

41-44.   This Defendant denies the allegations contained in these Paragraphs of Plaintiff's Complaint.

<u>Fourth Cause of Action – Violation of 42 U.S.C. § 2093 – Failure to Train/Supervise
(Kennebec County)</u>

45.   This Defendant repeats and reasserts the responses provided to Paragraphs 1 through and including 44 of Plaintiff's Complaint as if fully set forth herein.

46.   No response is required to the allegations contained in this paragraph of Plaintiff's Complaint.

47-52.   This Defendant denies the allegations contained in these paragraphs of Plaintiff's Complaint.

<u>Prayer for Relief</u>

53-55.   This Defendants denies the allegations contained in these paragraphs of Plaintiff's Complaint.

WHEREFORE, Defendant Kennebec County prays for judgment in its favor on all counts of Plaintiff's Complaint, plus costs, interest, and attorneys fees.

Dated:   July 28, 2020

   /s/   Peter T. Marchesi
Peter T. Marchesi, Esq.


   /s/   Cassandra S. Shaffer
Cassandra S. Shaffer, Esq.

Wheeler & Arey, P.A.
Attorneys for Defendant Kennebec County
27 Temple Street
Waterville, ME   04901

6

## UNITED STATES DISTRICT COURT
### District of Maine

| | | |
|---|---|---|
| JONATHAN AFANADOR, | ) | Docket No. 1:20-cv-00235-JDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNEBEC COUNTY and NATHAN | ) | |
| WILLHOITE, | ) | |
| Defendants | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, hereby certify that:

● Answer and Affirmative Defenses of Defendant Kennebec County

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Matthew D. Morgan, Esq.          *mmorgan@mckeelawmaine.com*

Dated:   July 28, 2020                          /s/   Peter T. Marchesi
                                                Peter T. Marchesi, Esq.
                                                Wheeler & Arey, P.A.
                                                Attorneys for Defendant Kennebec County
                                                27 Temple Street
                                                Waterville, ME   04901

7