UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN AFANADOR,<br><br>      Plaintiff,<br><br>vs.<br><br>KENNEBEC COUNTY and NATHAN WILLHOITE,<br><br>      Defendants | Civil No. 20-00235-JDL |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL (DEFENDANT NATHAN WILLHOITE)

Defendant Nathan Willhoite, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

INTRODUCTION

1. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

PARTIES

2. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

3. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

4. The Defendant admits Kennebec County operates the Kennebec County Correction Facility located on State Street in Augusta, Maine. The remaining allegations

contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

5.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

6.   The Defendant admits he is a correction officer who works at the Kennebec County Correction Facility. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## JURISDICTION

7.   The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

8.   The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

9.   The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

10.  The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## STATEMENT OF FACTS

11. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

12. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13. The Defendant admits he and other corrections officers conducted a search of the cells in the Plaintiff's unit on August 18, 2019. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

14. The Defendant admits that contrary to the directions of the corrections officers, the Plaintiff was standing while the other inmates were sitting. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

15. The Defendant admits that corrections officers directed the inmates to sit and that the Plaintiff, contrary to those directions, remained standing. The Defendant further admits that he approached the Plaintiff when the Plaintiff failed to comply with verbal directions to sit down. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

16. The Defendant admits that he took the Plaintiff's arm in his hand. The Defendant further admits that when the Plaintiff pulled away he deployed his OC spray. The Defendant

further admits that he attempted to restrain the Plaintiff. The Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

17. The Defendant admits that other corrections officers escorted the Plaintiff from the unit. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

18. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

19. The Defendant denies that an assault occurred and, therefore, denies the allegations contained in this paragraph of Plaintiff's Complaint.

20. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

21. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

22. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

23. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

24. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

25. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

26. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

27. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

28. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983 – Use of Excessive Force in Violation of the Fourteenth Amendment of the United States Constitution
(Corrections Officer Willhoite in his official and individual capacities)

29. The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

30. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

31. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

32. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

33. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

34. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

35. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

SECOND CAUSE OF ACTION
Violation of 5 M.R.S. § 4682(1-A) – Excessive Force in Violation of Article I, Section 1, 6, and 6-A of the Maine Constitution
(Officer Willhoite in his official and individual capacities)

36. The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

37. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

38. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

39. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

THIRD CAUSE OF ACTION
Assault (Use of Excessive Force)
(Officer Willhoite in his official and individual capacities)

40. The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

41. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

42. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

43. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

44. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

FOURTH CAUSE OF ACTION
Failure to Train/Supervise Corrections Officer Willhoite – 42 U.S.C. § 1983
(Kennebec County)

45. The Defendant repeats his responses to the preceding paragraph of Plaintiff's Complaint.

46. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a

6

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

47. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

48. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

49. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

50. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

51. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

52. The allegations contained in this paragraph of the Plaintiff's Complaint are offered to support claims that are not asserted against this Defendant; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1. The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the Defendant reserves the right to demonstrate that the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S. § 8107 and 8108.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S. § 8111.

6. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

7. The conduct of the Plaintiff was the sole or a contributing cause of any injuries or damages he may have sustained, which bars or reduces the claims pursuant to comparative fault.

8. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

9. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* or vicarious liability for the actions of his employer's agents or employees.

10. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

11. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

14. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

15. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

16. The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

17. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

18. The Defendant cannot be held liable for the alleged damages associated with conditions that pre-existed the events alleged in the Complaint.

19. The Defendant cannot be held liable for the acts of others or for intervening or superseding causes.

20.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the personal exposure limit provided to the Defendant by the Maine Tort Claims Act. 14 M.R.S. § 8104-D.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Nathan Willhoite demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 29th day of July, 2020.

>     Attorneys for Defendant Nathan Willhoite
>     MONAGHAN LEAHY, LLP
>     95 Exchange Street, P.O. Box 7046
>     Portland, ME 04112-7046
>     (207) 774-3906
>     jwall@monaghanleahy.com
>
> BY:    /s/ John J. Wall, III
>        John J. Wall, III

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2020, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial (Defendant Nathan Willhoite)** using the CM/ECF system, which will provide notice to me and all other counsel of record.

Dated at Portland, Maine this 29th day of July, 2020.

> Attorneys for Defendant Nathan Willhoite
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
       John J. Wall, III